# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD D. MURRAY, SR.,**

      **Plaintiff,**

**v.**                                                          **Case No. 3:05-cv-6**
                                                                  **(Judge Broadwater)**

**MORGAN COUNTY CIRCUIT**
**COURT, and BERKELEY COUNTY**
**CIRCUIT COURT,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On January 27, 2005, the plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff challenges his state court criminal conviction in Morgan County case number 03-F-32 and seeks an emergency stay of his state criminal proceedings in Berkeley County case number 04-F-94.

By Order entered July 1, 2005, the undersigned advised plaintiff that this Court could not interfere with his pending state criminal proceedings in Berkeley County pursuant to the United States Supreme Court's decision in <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (based on principles of comity and federalism, state courts should be allowed to try cases free from federal court interference). Moreover, plaintiff was advised that the Court would construe his challenge to his Morgan County conviction as a claim arising under 28 U.S.C. § 2254 unless plaintiff notified the Court to the contrary.

On July 28, 2005, plaintiff filed a Motion to Convert Original Petition, and for Change of Venue, or in the Alternative, Motion to Withdraw Petition Without Prejudice. In the motion, plaintiff requests the Court convert his original § 1983 complaint into a complaint under Rule 65

of Federal Rules of Civil Procedure, 28 U.S.C. § 2284, and 28 U.S.C. § 2403.  Additionally, the plaintiff requests that the case then be transferred to the United States District Court for the Southern District of West Virginia for the convenience of the parties.  Alternately, because plaintiff believes that he cannot establish the exhaustion of his state remedies under 28 U.S.C. §2254, plaintiff requests that the Court dismiss his claims without prejudice rather than convert them to claims under § 2254.

### I.  Conversion of the Complaint

For the reasons set forth below, plaintiffs' motion to convert the original complaint to an action under Fed.R.Civ.P. 65, 28 U.S.C. § 2284, and 28 U.S.C. § 2403, and to change venue, should be denied.

A.  Fed.R.Civ.P. 65

Rule 65 of the Federal Rules of Civil Procedure outlines the procedures the federal courts must employ in determining whether injunctive relief is appropriate.  However, the Federal Rules of Civil Procedure do not provide a basis for jurisdiction.  Accordingly, the instant complaint cannot be converted to a claim arising under that provision.

B.  28 U.S.C. § 2284

Section 2284(a) states that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  Clearly, § 2284 is not an appropriate basis for jurisdiction in this case and the instant complaint cannot be converted to a claim arising under that provision.

C.  28 U.S.C. § 2403

Section 2403(b) provides a method in which a State may intervene in an action or suit where it, an agency, officer or employee thereof, is not named as a party, in order to argue the constitutionality of a statute of that State that affects the public interest. In this case, Petitioner names two State circuit courts as the defendants. Thus, the State is already a party to this action and 28 U.S.C. § 2403 is inapplicable.

D. Change of Venue

As set forth more fully below, the undersigned finds that the complaint should be dismissed without prejudice, thereby rendering plaintiffs' motion for a change of venue moot.

## II. Motion to Withdraw Original Complaint Without Prejudice

As stated by the undersigned in the Order issued July 1, 2005, this Court cannot interfere with the plaintiff's pending criminal proceedings in his Berkeley County case pursuant to Younger, supra. Moreover, plaintiff does not wish to proceed under 28 U.S.C. § 2254 as to his Morgan County conviction because he believes that he cannot establish the exhaustion of his state court remedies. However, the only appropriate basis for federal review of those claims is a proceeding under § 2254.[1] Accordingly, the Plaintiff's motion to withdraw original complaint without prejudice should be granted.

## III. Recommendation

For the reasons set forth in this opinion, it is respectfully recommended that the plaintiff's motion to convert original complaint and to change venue be DENIED and plaintiffs' motion to withdraw the complaint without prejudice be GRANTED. (Doc. 16.)

Within ten (10) days after being served with a copy of this recommendation, any party

---

[1] See Preiser v. Rodriguez, 411 U.S. 475 (1975), a prisoner who contests his conviction and seeks release must seek habeas review, not relief under § 1983.

may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[2]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff.

Dated: December 21, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).